```
                                              FILED
                                           APR 02 2014
                                      CLERK, U.S. DISTRICT COURT
                                         DISTRICT OF NEVADA
                                      BY_____ DEPUTY
```

1  DANIEL G. BOGDEN
   United States Attorney
2  Nevada State Bar No. 2137
   CRISTINA SILVA
3  Assistant United States Attorney
   Lloyd D. George United States Courthouse
4  333 Las Vegas Boulevard South, Suite 5000
   Las Vegas, Nevada 89101
5  Telephone: (702) 388-6336
   Facsimile: (702) 388-6787
6  Counsel for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:14-cr-096- |
| AARON VIRCHIS, | ) |
| Defendant. | ) |

**SETTLEMENT AGREEMENT FOR ENTRY OF ORDER OF FORFEITURE AS TO AARON VIRCHIS AND ORDER**

The United States of America, by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and CRISTINA SILVA, Assistant United States Attorney, and AARON VIRCHIS, and his counsel, DAVID Z. CHESNOFF, agree as follows.

1. On March 13, 2014, the United States of America ("United States") filed a One Count Information against AARON VIRCHIS for violations of Title 18, United States Code, Section 1955. Information, ECF No. ___.

2. On April 2, 2014, AARON VIRCHIS will plea guilty to Count One of a One-Count Criminal Information charging him with Operating an Illegal Gambling Business in violation of Title

1  18, United States Code, Section 1955 and agreed to the forfeiture of property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Information. Information, ECF No. __; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

3.  AARON VIRCHIS knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following property: $750,000.00 in U.S. currency ("property"). Specifically, the Internal Revenue Service Criminal Investigations Division (IRS-CID) will retain $472,088.04 and return $309,160.96, and the United States Secret Service will retain $277,911.96 and return $181,000.00, for a total of $750,000.00 in forfeited property and a total of $490,160.96 in returned property. The parties agree that the defendant shall pay any outstanding tax liability for calendar years 2011 and 2012 from either the money the United States has agreed to return to the defendant, or from other personal assets. Further, the parties agree that the amount owed for the outstanding tax liability by the defendant for calendar years 2011 and 2012 is consistent with the amended tax returns the defendant and his counsel provided to agents from IRS-CID during the course of this investigation. The United States agrees to return the any remaining seized funds, currency, or other assets seized during the course of this investigation to the defendant at the conclusion of all proceedings related to this case.

4.  AARON VIRCHIS knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

5.  AARON VIRCHIS knowingly and voluntarily agrees to relinquish all right, title, and interest in the property.

6.  AARON VIRCHIS knowingly and voluntarily agrees to waive his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes "proceedings") of the property.

7.  AARON VIRCHIS knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

8. AARON VIRCHIS knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorneys regarding the forfeiture and disposition of the property.

9. AARON VIRCHIS knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

10. AARON VIRCHIS knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the property.

11. AARON VIRCHIS knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceedings or any forfeiture proceedings concerning the property

12. AARON VIRCHIS knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the property.

13. AARON VIRCHIS knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the property.

14. AARON VIRCHIS knowingly and voluntarily agrees to the entry of the Final Order of Forfeiture of the property to the United States.

15. AARON VIRCHIS understands that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed in addition to forfeiture.

16. AARON VIRCHIS knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement for Entry of Order of Forfeiture as to AARON VIRCHIS and Order ("Settlement Agreement").

. . .

17. AARON VIRCHIS knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Department of the United States Treasury, the Department of Homeland Security, the United States Internal Revenue Service, the United States Secret Service, their agencies, their agents, and their employees from any claim made by him or any third party arising from the facts and circumstances of this case.

18. AARON VIRCHIS knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Department of the United States Treasury, the Department of Homeland Security, the United States Internal Revenue Service, the United States Secret Service, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that AARON VIRCHIS now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

19. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

20. The Settlement Agreement contains the entire agreement between the parties.

21. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

22. AARON VIRCHIS knowingly and voluntarily acknowledges, understands, and agrees that (a) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made

pursuant to this Settlement Agreement, they will receive a notification from the Department of the United States Treasury at the last address provided by them to the governmental agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject to an offset, they may contact the Treasury Department at 1-800-304-3107; (d) the terms of this Settlement Agreement do not affect the tax obligations fines, penalties, or any other monetary obligations **owed** to the United States or an individual state; and (e) the exact sum delivered to DAVID Z. CHESNOFF, on behalf of him, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

23. After the property is forfeited in the criminal case with the Final Order of Forfeiture and the United States District Court has signed the Settlement Agreement concerning the property, within a practicable time thereafter for the United States, the United States agrees to release to AARON VIRCHIS one payment of **$490,160.96** less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect, through DAVID Z. CHESNOFF. AARON VIRCHIS knowingly and voluntarily agrees to fill out the Department of the United States Treasury Automated Clearing House ("ACH") form accurately and correctly and submit it to the United States Attorney's Office so that the payment of the money can be disbursed by electronic fund transfer. AARON VIRCHIS knowingly and voluntarily agrees the **$490,160.96** may be offset by any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

24. The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

25. This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

26. Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

27. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: 4/2/14

CHESNOFF & SCHONFELD

DAVID Z. CHESNOFF
Counsel for AARON VIRCHIS

DATED: 2nd April 2014

AARON VIRCHIS

DATED: 4/2/14

DANIEL G. BOGDEN
United States Attorney

CRISTINA SILVA
Assistant United States Attorney

IT IS SO ORDERED:

UNITED STATES DISTRICT JUDGE
DATED: 4/2/14