AO 245B       (Rev. 09/11) Judgment in a Criminal Case
              Sheet 1

# UNITED STATES DISTRICT COURT

District of Nevada

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>AARON VIRCHIS | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:     2:14-CR-96-JAD-PAL<br><br>USM Number:     47692-048<br><br>David Chesnoff, Richard Schonfeld<br>_Defendant's Attorney_ |

## THE DEFENDANT:

X pleaded guilty to count(s)      ONE OF THE INFORMATION

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1955 & 2 | Operating an Illegal Gambling Business; Aiding and Abetting | 2/2013 | 1 |

     The defendant is sentenced as provided in pages 2 through     5     of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                              ☐ is    ☐ are   dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/15/14
Date of Imposition of Judgment

_____
Signature of Judge

JENNIFER A. DORSEY, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

October 16, 2014.
Date

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
         Sheet 4—Probation

Judgment—Page   2   of    5

DEFENDANT:          AARON VIRCHIS
CASE NUMBER:       2:14-CR-96-JAD-PAL

# PROBATION

The defendant is hereby sentenced to probation for a term of :       **THREE (3) YEARS**

The defendant shall not commit another federal, state or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

       If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

       The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B      (Rev. 09/11) Judgment in a Criminal Case
             Sheet 4C — Probation

Judgment—Page ___3___ of ___5___

DEFENDANT:      AARON VIRCHIS
CASE NUMBER:    2:14-CR-96-JAD-PAL

## SPECIAL CONDITIONS OF SUPERVISION

**1.  HOME CONFINEMENT WITH LOCATION MONITORING** - You shall be confined to home confinement with location monitoring, if available, for a period of six months, to commence on 11/2/2014.  You shall pay 100% of the costs of location monitoring services.

**2.  DEBT OBLIGATIONS** - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

**3.  ACCESS TO FINANCIAL INFORMATION** - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

**4.  NO CONTACT CONDITION** - You shall not have contact, directly or indirectly, associate with, or be within 500 feet of Mitchell Garshofsky, their residence or business, and if confronted by Mitchell Garshofsky in a public place, you shall immediately remove yourself from the area.

**5.  POSSESSION OF WEAPONS** - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

**6.  TRUE NAME** - You shall use your true name at all times and will be prohibited from the use of any aliases, false dates of birth, social security numbers, places of birth, and any other pertinent demographic information.

**7.  EMPLOYMENT VERIFICATION** - You shall provide the probation officer with any requested information to verify employment as a professional gambler.

**8.  WARRANTLESS SEARCH**  - You shall submit your person, property, residence, place of business and vehicle under your control to a search, conducted by the United States probation officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

*Note:  A written copy of the conditions of release was provided to the Defendant by the Probation Officer in open Court at the time of sentencing.*

## ACKNOWLEDGEMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed)      _____          _____
                        Defendant                                        Date


              _____          _____
              U.S. Probation/Designated Witness                         Date

AO 245B      (Rev. 09/11) Judgment in a Criminal Case
             Sheet 5 — Criminal Monetary Penalties

Judgment — Page    4    of    5

DEFENDANT:        AARON VIRCHIS
CASE NUMBER:      2:14-CR-96-JAD-PAL

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|           | **Assessment** | **Fine**      | **Restitution** |
|-----------|----------------|---------------|-----------------|
| **TOTALS** | $ 100.00      | $ 2,000.00    | $ 0             |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
|               |             |                     |                        |

| **TOTALS** | $ | $ |
|------------|---|---|

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐  the interest requirement is waived for the    ☐  fine    ☐  restitution.

   ☐  the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B      (Rev. 09/11) Judgment in a Criminal Case
             Sheet 6 — Schedule of Payments

Judgment — Page ___5___ of ___5___

DEFENDANT:           AARON VIRCHIS
CASE NUMBER:         2:14-CR-96-JAD-PAL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  X  Lump sum payment of $ ___100.00___ due immediately, balance due

    ☐   not later than _____ , or
    ☐   in accordance   ☐ C,   ☐ D,   ☐   E, or   ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
**SEE ATTACHED FINAL ORDER OF FORFEITURE**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

```
____FILED              ____RECEIVED
____ENTERED            ____SERVED ON
            COUNSEL/PARTIES OF RECORD

            OCT 1 5 2014

CLERK US DISTRICT COURT
     DISTRICT OF NEVADA
BY:_____DEPUTY
```

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,                )
                                         )
                Plaintiff,               )
                                         )
        v.                               )   2:14-CR-096-JAD-(PAL)
                                         )
AARON VIRCHIS,                           )
                                         )
                Defendant.               )

**FINAL ORDER OF FORFEITURE**

On April 2, 2014, the United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and Title 18, United States Code, Section 1955(d) and Title 28, United States Code, Section 2461(c) based upon the plea of guilty by defendant AARON VIRCHIS to the criminal offense, forfeiting the property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Information and shown by the United States to have the requisite nexus to the offense to which defendant AARON VIRCHIS pled guilty. Criminal Information, ECF No. 45; Plea Agreement, ECF No. 47; Preliminary Order of Forfeiture, ECF No. 49; Change of Plea, ECF No. 51.

This Court finds the United States of America published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from May 24, 2014, through June 22, 2014, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 53.

On April 2, 2014, the court entered a Settlement Agreement for Entry of Order of Forfeiture as to Aaron Virchis (ECF No. 48).

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the assets named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the property hereinafter described is condemned, forfeited, and vested in the United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1955(d) and Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(n)(7) and shall be disposed of according to law and the Settlement Agreement for Entry of Order of Forfeiture as to Aaron Virchis.

$750,000.00 in United States Currency.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

The Clerk is hereby directed to send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office.

DATED this 15th day of September, 2014.
October

UNITED STATES DISTRICT JUDGE

2