Prob12D
D/NV Form
Rev. June 2014

# United States District Court
## for
## the District of Nevada

## REQUEST FOR HEARING
## TO MODIFY CONDITIONS OR TERMS OF SUPERVISION

Name of Offender: **Aaron Virchis**

Case Number: **2:14CR00096**

Name of Sentencing Judicial Officer: **Honorable Jennifer A. Dorsey**

Date of Original Sentence: **October 15, 2014**

Original Offense: **Operating an Illegal Gambling Business; Aiding and Abetting**

Original Sentence: **Three Years Probation**

Date Supervision Commenced: **October 15, 2014**

Name of Assigned Judicial Officer: **Honorable Jennifer A. Dorsey**

## PETITIONING THE COURT

The probation officer requests that a summons be issued and a hearing held to modify the conditions of supervision as follows:

1. **Reside in a Residential Re-entry Center** - You shall reside at and participate in the program of a residential re-entry center for a period of 3 months as approved and directed by the probation officer.

2. **Mental Health Treatment** - You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

**RE: Aaron Virchis**

Prob12D
D/NV Form
Rev. June 2014

## CAUSE

Mr. Virchis commenced supervision in October of 2014. As part of his special conditions of supervision, the offender was required to serve six months of home confinement with electronic monitoring. As Your Honor is aware, home confinement is a highly restrictive sanction. It is used in lieu of a term of incarceration, thus the activities of participants in this program must be closely scrutinized.

On March 20, 2015, the undersigned officer was contacted by the Las Vegas Metropolitan Police Department in response to an alleged assault, attempted robbery, and trespassing incident involving Mr. Virchis. Upon arriving at the offender's residence, the probation officer met with the victim of said crimes. Mr. Virchis was reportedly upset with noise that was being created by a construction crew next to his condominium. The offender reportedly approached a female employee to complain about the noise. The female employee attempted to call a supervisor in response to Mr. Vichis' complaint. Virchis reportedly grabbed the victim's arm in an attempt to take her cellular phone. The victim pulled her arm away from Virchis and sustained a mild abrasion on her forearm. The victim then told Mr. Virchis to wait where he was, while she tried to find a supervisor. The victim walked away from Mr. Virchis, but he pursued her. The victim reportedly went up a flight of stairs "as fast as she could", in an attempt to get away from Mr. Vichis. The offender reportedly "accelerated his steps" and pursued the victim up the flight of stairs.

The victim reported that she was extremely scared for her safety. She said Virchis grabbed her arm and tried to take her phone twice. She also stated that he she told him she could not give him her phone, but he stilled tried to take it. After reaching her intended destination, the victim entered a condominium that was under construction. Virchis followed her into the condominium. The offender was asked to leave the condominium but he refused. The security office in the condominium building was called and the LVMPD was subsequently contacted as well. The victim provided a statement of the facts, and the victim's supervisor also provided a statement of his understanding of the incident. Virchis was not arrested by LVMPD because the victim indicated that she did not want to pursue formal charges.

As is appropriate with any non- compliance, a sanction should be applied. In Mr. Vichis' case, he is already being sanctioned with home confinement, thus the next logical step in terms of punishment would either be a term of incarceration, or a modification for residential reentry center (RRC) placement. One must consider that the victim and the condominium staff are fully aware that Mr. Virchis is on federal probation and he is serving a term of home confinement. The undersigned officer believes that it is imperative that the offender receive a significant sanction for his behavior. The undersigned officer has chosen to offer the lesser sanction of RRC placement, as outlined above. The officer also feels that Mr. Virchis could benefit from anger management training, thus a mental health treatment condition is also recommended.

Virchis' abhorrent conduct on March 20, 2015, was not internal with regards to the umbrella of our agency. The behavior spilled over into the public eye. Our agency has a responsibility to

RE: Aaron Virchis

Prob12D
D/NV Form
Rev. June 2014

protect the public and satisfy the public's perception of a court system that will not tolerate such behavior, especially when the individual is already on an enhanced level of supervision. The undersigned has presented a probation form 49, waiver of hearing, to Mr. Virchis, in order to modify his conditions without a hearing; however, Mr. Virchis has requested a hearing before Your Honor to contest the allegations.

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **March 26, 2015**

_Steven M. Goldner_
_FoR 2015.03.27 10:01:14 -07'00'_

Steve M. Goldner
Senior United States Probation Officer

Approved:

_Robert G. Aquino_
_2015.03.26 14:11:29 -07'00'_

Robert Aquino
Supervisory United States Probation Officer

## THE COURT ORDERS

☐   No Action.

☒   The issuance of a summons. *for Mr. Virchis to appear for a hearing on this petition on 4/8/15 at 1:30 PM.*

☐   Other

Signature of Judicial Officer

Date   3/27/15