DANIEL G. BOGDEN
United States Attorney
CRISTINA D. SILVA
Assistant United States Attorney
Nevada Bar No. 13760
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
FAX: (702) 388-5087
cristina.silva@usdoj.gov

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
# -oOo-

UNITED STATES OF AMERICA,

Plaintiff,

vs.

AARON VIRCHIS,

Defendant.

2:12-cr-0068-JAD-PAL

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY RELEASE FROM PROBATION
(Doc. #80)

The United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and Cristina D. Silva, Assistant United States Attorney, and files this response to Defendant's Motion for Early Termination of Probation (Doc. #80).

## RELEVANT PROCEDURAL FACTS

On April 2, 2014 the Defendant pleaded guilty pursuant to a plea agreement to a criminal information (Doc. #45), charging him with a violation of 18 U.S.C. § 1955, *Operating an Illegal Gambling Business*. *See* Doc. #51 (Minutes of the Proceedings). On October 16, 2014, the defendant was sentenced to a three-year term of probation with special conditions. *See* Doc. #62 (Judgment). The defendant has approximately 6

months left on his term of probationary sentence.

On February 8, 2017, the defendant filed a *pro se* motion to terminate his probationary sentence early. Doc. #80. The United States files this timely response.

**ARGUMENT**

Defendant moves this Court for early termination of his probation. In support of his motion, Defendant argues that he has complied with the terms of his conditions of supervision, and sets forth reasons for early termination utilizing the factors set forth in Title 18, United States Code, Section 3553, and the Sentencing Guidelines. The undersigned Assistant United States Attorney contacted the defendant's supervising officer, Henry Stegman, who advised he does not have an objection to early termination at this time.[1]

As this court knows, there is not a great deal of reported law analyzing motions for the early termination of probation pursuant to Title 18, United States Code, Section 3564(c), however the statute requires the court to consider factors set forth in § 3553(a). Those factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Hilton,* 2014 WL 3728176 (N.D.Cal. 2014) at *1 (stating early termination of probation is governed by 18 U.S.C. § 3564(c), and requires the court to consider factors set forth in § 3553(a), to the extent they are applicable); *United States*

---

[1] Defendant represents that the United States stated it would not object to early termination. Doc. #80 at pg. 2, ¶3. The undersigned attorney recalls stating that if the defendant remained complaint, it would consider a motion for early termination when six months of his probationary term remained, however has no recollection of stating the Government would not objection to a motion for early termination.

*v. Khan*, 2012 WL 2906590 (N.D.Cal. Jul. 13, 2012) (considering factors enumerated in § 3553(a) for early termination of probation). The 18 U.S.C. § 3553(a) factors most relevant to the early termination of probation are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *Id.*

After considering those § 3553(a) factors, the court may "terminate a term of probation previously ordered and discharge the defendant at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3564(c).

The Government does not dispute that the defendant has been mostly compliant with probation requirements. The one exception was the hearing regarding Probation's request to modify the defendant's condition of supervision. The defendant initially refused to agree to the modification, however that issue was resolved at a hearing. *See* Doc. #69. The Government asserts that the Court should not terminate a defendant's probation early simply because he has mostly compliant because that is what is expected of probationers. *See generally United States v. Smith,* 219 F. App'x 666, 667 (9th Cir.2007) (unpublished decision) (early termination of supervised release reserved for rare cases of "exceptionally good behavior"); *United States v. McKay*, 352 F.Supp.2d

359, 361 (E.D.N.Y.2005) (finding that the defendant's "pre-incarceration life," including organizational endeavors, is commendable, but is expected of a person on supervised release and does not constitute the "exceptional behavior" contemplated by § 3583(e)(1)); *Karacsonyi v. United States*, 152 F.3d 918, 1998 WL 401273 (2nd Cir. June 10, 1998) (unpublished); *United States v. Rasco*, 2000 WL 45438 (S.D.N.Y. Jan.19, 2000); *United States v. Yung*, 1998 WL 422795 (D.Kan. Jun.12, 1998); *United States v. Hardesty*, 2002 WL 731705 (D.Kan. April 2, 2002); *United States v. Herrera*, 1998 WL 684471 (S.D.N.Y. Sept.30, 1998). However, the defendant's pro se motion goes beyond a generic assertion that he has been complied with the terms of his probation. Instead, he addressed many of the 3553 factors that this Court should consider in decided whether to terminate his probation early. For example, his motion discusses having satisfied his financial obligations, his low risk of recidivism, and the fact that he is gainfully employed. *See* Doc. #80 at ¶12, 14, and 19. Further, the defendant acknowledges culpability and requests no sympathy as a result of his criminal actions. Doc. #80 at ¶16. Defendant's motion demonstrates that he understands the nature and consequences of his offense, that he has worked to rehabilitate herself, and that the conviction had an appropriate deterrence effect. Accordingly, the Government asserts that the decision to early terminate the defendant's probationary sentence rests with the sound discretion of the Court.

…

…

…

…

**CONCLUSION**

Based on the forgoing, the Government requests that the Defendant's Motion for Early Termination of Probation (Doc. #80) be denied without prejudice.

Respectfully submitted this 22nd day of February, 2017.

Respectfully Submitted,

DANIEL G. BOGDEN
United States Attorney

//s//

CRISTINA D. SILVA
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I, Cristina D. Silva, certify that the following individual was served with a copy of the foregoing on this date by the below identified method of service:

**Electronic Case Filing** (on February 22, 2017) **and US Mail** (on February 23, 2017)

Aaron Virchis
4575 Dean Martin Drive
Unit 2700
Las Vegas, NV 89103

DATED: February 22, 2017

*/s/ Cristina D. Silva*
Cristina D. Silva
Assistant United States Attorney